SHAWN HALBERT (CA SBN 179023)
LAW OFFICES OF SHAWN HALBERT
214 Duboce Avenue
San Francisco, CA 94103
Telephone: (415) 515-1570
shawn@shawnhalbertlaw.com

DARLENE BAGLEY COMSTEDT (CA SBN 284025)
LAW OFFICES OF DARLENE BAGLEY COMSTEDT
2358 Market Street
San Francisco, CA 94114
darlene@comstedtlaw.com
Telephone: (415) 840-7365

*Attorneys for Defendant*
JONATHAN FLORES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JONATHAN FLORES,<br>  Defendant. | Case No. 19-CR-584-RS<br><br>**MOTION TO VACATE OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  November 9, 2021<br>Time:  9:30 a.m.<br>Division:  Courtroom 3 – 17th Floor<br>Judge:    Chief Judge Richard Seeborg |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that Defendant Jonathan Flores hereby moves this Court for an order vacating the December 6, 2021, trial date and setting a status date in January 2022, or in the alternative,

-1-
**MOTION TO VACATE OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE**

continuing the trial date until a date no sooner than April 2022. Mr. Flores is also filing herewith a Motion to Grant Defendant's Motion on a shortened time frame given the Pretrial Conference date of November 17 and the resulting earlier dates (meeting and confer by October 27, filings due November 5). Mr. Flores submits that it also would be appropriate for the Court to grant defendant's motion based on this filing and the supporting declarations alone, given that there is no factual dispute about the discovery production to date, and that the government cannot respond to the *ex parte* and under seal portion of the filing in any event.

Defendant's motion should be granted for two separate and distinct reasons. First, the government has not provided critical discovery in the case relating to the two informants despite repeated requests by defense, nor has the government provided all *Jencks* material or notice of its intent to introduce other acts evidence in sufficient time for the defense to comply with this Court's pretrial orders, let alone to effectively represent Mr. Flores at trial. Second, even if the government had timely provided such information, the defense would not have been able to investigate the case in the way that is necessary because of conditions occasioned by the Covid pandemic.

Mr. Flores brings this Motion under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), (B)(iv), and the defense bases this motion on Mr. Flores' right to be represented by lawyers who have adequately and effectively prepared his defense within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984), and who have prepared in such a way as to afford their client the "meaningful opportunity to present a complete defense" as described in *Crane v. Kentucky*, 476 U.S. 683, 689-90 (1986). Mr. Flores further relies upon the Due Process Clause of the Fifth Amendment to the United States Constitution; his constitutional rights to effective assistance of counsel and a fair trial as guaranteed in the Sixth Amendment to the United States Constitution; the following memorandum of points and authorities; the declarations of counsel and case investigator submitted *ex parte* and under seal; and such other evidence, oral or documentary, as may be presented at a hearing on this motion.

-2-

**MOTION TO VACATE OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE**

# MEMORANDUM OF POINTS AND AUTHORITIES

## Introduction

On May 18, 2021, this Court set jury selection and trial for December 6, 2021, and set a Pretrial Conference on November 17, 2021. Under the Court's Standing Order, these dates require all pretrial filings to be filed by November 5, 2021. This is the first and only request for a trial continuance filed by the defense in this case.

The defense has made it clear since the beginning of the case that while Mr. Flores does not contest that he participated in two sales of methamphetamine, he is not guilty of the instant federal charges because he was entrapped by a long-time friend who induced and pressured Mr. Flores to sell him methamphetamine. Mr. Flores had never sold methamphetamine before, and never would have sold it but for the informant. He has no history of any involvement with methamphetamine. Indeed, no methamphetamine was found at his apartment when agents arrested him and executed a search warrant. Mr. Flores is a twenty-two-year-old college student who has worked his way up to being a supervisor at Home Depot, and he has no prior criminal convictions. He has a bright future ahead of him if he is acquitted of the instant federal charges, but he faces a mandatory minimum sentence if he gets convicted. It is vital that he receive his constitutionally guaranteed fair trial in which his defense counsel are prepared and have been able to conduct a full and complete investigation of the case.

Because a critical informant in this case – the one who had all of the communications with Mr. Flores prior to the two undercover buys – did not keep a physical or electronic record of *any* of his communications with Mr. Flores, and because the second informant's presence in the car during the undercover buy significantly affected Mr. Flores' mental state, the credibility of the informants is critical to the defense. Despite timely requests by the defense, the government has both refused and failed to provide the information the defense needs – and to which the defense is entitled – to allow the defense to effectively prepare for a December 6, 2021, trial date.

-3-

**MOTION TO VACATE OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE**

As described in defendant's Motion to Compel Discovery, filed simultaneously to this Motion, the government's discovery production is woefully inadequate. It appears that office policy within the U.S. Attorney's Office is to direct line Assistants to refuse to produce that which they should know they must, choosing to ignore the import of similar discovery orders recently entered in other cases as well as applicable case law. Moreover, the government seeks to enforce a unilaterally-decided schedule for sharing information with Mr. Flores that is in sharp contrast to dates ordered by other courts in this district.

Further, just today, the government sent a letter giving notice that it intended to introduce character evidence in its case-in-chief regarding Mr. Flores' marijuana sales, and that it could call witnesses including law enforcement, confidential informants and other witnesses. Because this notice is distinctly separate from the notice the government gave in a previous letter today of its intent to introduce Mr. Flores prior misdemeanor arrests for selling marijuana, this "supplemental" notice (as it was described by the government) clearly means something else, but the defense has received no discovery relating to this character evidence.

Because the government has not produced basic discovery to which the defense is entitled, there is absolutely no way that Mr. Flores' defense team can be ready for a trial on December 6, 2021 (or the Pretrial Conference date of November 17, 2021, for that matter).  Independently, and because of government actions to-date, even if the government were to produce all of the information to which the defense is entitled immediately, there is no possible way that the defense could complete the necessary investigation that it would need to do in time for the Pretrial Conference or trial – and this is before taking into consideration the impact on investigations caused by Covid described more fully in the under seal, *ex parte* declarations submitted in support of this motion.

While there is substantial and constitutional prejudice to Mr. Flores in requiring him to go to trial before his counsel and investigators can effectively prepare, there is no harm to continuing the trial. Mr. Flores is out of custody and living with his mother, attending school, and working as a

contributing member of society. He poses no danger to society, and particularly given that the only reason he sold methamphetamine was because of the informants, there is essentially no current danger that he will reoffend. Acknowledging the evidence that Mr. Flores previously sold marijuana, a substance to which he had been addicted since he was young, this is no longer an issue since he began receiving intensive counseling through Pretrial Services. Jurors have not been summonsed and witnesses have not been subpoenaed. While the public has an interest in a Speedy Trial, it does not have an interest in a speedy trial in which a defendant is not able to investigate and raise a defense.

As such, the defense asks this Court to grant Mr. Flores' Motion to Vacate or, in the Alternative, to Continue. The Court may make this ruling simply based on the *ex parte* and under seal portions of this filing, thereby relieving the government of the obligation to respond further than stating its position in opposition.[1] Indeed, the parties agree that if it were so inclined, the Court could grant the motion based on the *ex parte,* under seal portion of the filing since the government will not be able to respond to that portion of the filing in any event. If, however, this Court seeks a full briefing on this matter, it is requested that the briefing schedule be expedited so that this Motion may be heard in advance of the upcoming filing dates occasioned by the Pretrial Conference and this Court's standing order. If the motion is heard on November 9, the defense will file whatever it is able on November 5 in order to comply with this Court's standing orders, recognizing that said filings will be deficient given the status of discovery production and investigation.

### Relevant Factual and Procedural History

On the same day that the Court set the trial date, May 18, 2021, defense counsel requested by email that government counsel provide the names of the informants so that the potential defense investigator could run a "conflicts" check. On August 10, 2021, defense counsel followed up with a letter to the government requesting items including information about the informants such as their

---

[1] Undersigned counsel has spoken with government counsel, and is authorized to represent that the government opposes this Motion.

**MOTION TO VACATE OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE**

identities and related Jencks, *Brady* and *Giglio* materials. The government provided the names of the informants for the investigator conflicts check on September 10, 2021. After further multiple "meet and confers," the government provided what it has maintained is its full discovery production regarding the informants on October 6, 2021, but only upon agreement the condition that Mr. Flores not be able to see or learn the contents of the disclosures until three weeks before trial (November 15, 2021). Dkt No. 74. The defense diligently sought to meet and confer in order to obtain the discovery, including by providing the government with examples of where other courts in this district acted consistently with defense requests.

As described more fully in defendant's Motion to Compel discovery, which is incorporated herein for a more complete factual description, the defense has been provided with essentially no information about the informants. In summary, as to the informant's identities, the government has not even provided dates of birth or aliases. The sparse production that was discovered is heavily redacted, removing all names and other identifying information - even redacting the dates of their crimes in the plea agreements. This is so even though Mr. Flores had known and known of the informants for years. The government has provided no police reports for any prior arrests of the informants except for one short ROI stating that one of the informants was interviewed upon his arrest. The only *Jencks* produced to date is a heavily redacted recording of the aforementioned interview. There are no 302s of debriefing of the informants. There is no *Brady* other than the redacted plea agreements. The sole description of any benefit obtained by the informants is a single sentence in the DEA report stating that ATF is assisted one of the defendants in obtaining immigration benefits. There are no materials on the agents who worked with the informants. There are no reports regarding the informants' other activities with other defendants. And finally, there is no basis whatsoever for prohibiting the defense team from discussing the meager information obtained about the informants with Mr. Flores, particularly so close to trial and when they are not secret informants.

Finally, shortly before this filing, the government sent the defense two letters, the second "supplemental" one noticing its intent, pursuant to *United States v. Gomez*, 6 F.4th 992, 1003 (9th Cir. 2021), to "introduce evidence, under Rule 405(a), of defendant's character through witness testimony about his reputation for drug trafficking and/or through testimony in the form of an opinion about his drug trafficking activities, whether through a law enforcement witness, a confidential informant, or another witness." Ex. B to Defendant's Motion to Compel. Other than Mr. Flores' prior arrests for selling marijuana, the government has never before disclosed that it intended to introduce witness testimony from law enforcement witnesses, confidential informants or other witnesses of such character evidence, and the defense has no discovery on this whatsoever.

**Argument**

The Sixth Amendment of the United States Constitution guarantees an accused the right to a fair trial and effective assistance of counsel. With this Motion, Mr. Flores merely seeks to guarantee himself these rights.

A. <u>Applicable Law</u>

Defense counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). A "tactical" decision can never be reasonable when the attorney has failed to investigate his options and make a reasonable choice among them. *Horton v. Zant*, 941 F.2d 1449, 1462 (11th Cir. 1991). Counsel's failure to seek out and review evidence in the possession of the prosecution relevant to guilt or innocence, or any potential motion, falls below the constitutional standard of adequate defense. *Kimmelman v. Morrison*, 477 U.S. 365, 387 (1986). As the Ninth Circuit has expressed, the right to counsel is meaningless unless counsel is competent and adequately prepared. *United States v. Tucker*, 716 F.2d 576, 579 (9th Cir. 1983).

Because investigation and preparation are the keys to effective representation, counsel has a duty to interview potential witnesses and "make an independent examination of the facts, circumstances, pleadings and laws involved." *Von Moltke v. Gillies*, 332 U.S. 708, 721 (1948). The courts have long recognized that counsel's failure to investigate and interview potential witnesses falls below the level of competent representation required by the Sixth Amendment. *See, e.g., Cody v. Montgomery*, 799 F.2d 1481, 1483 (11th Cir. 1986). The Ninth Circuit reiterated that "[a]t the heart of an effective defense is an adequate investigation. Without sufficient investigation, a defense attorney, no matter how intelligent or persuasive in court, renders deficient performance and jeopardizes his client's defense." *Richter v. Hickman*, 578 F.3d 944, 955 (9th Cir. 2009). In *Rompilla v. Beard* (2004) 125 S.Ct. 2456, the Supreme Court explained: "The notion that defense counsel must obtain information that the State has and will use against the defendant is not simply a matter of common sense ... 'It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities." *Id.* at 2465-66 (citing 1 ABA Standards for Criminal Justice 4-4.1 (2d ed. 1982 Supp.)).

Thus, defense counsel are obligated under the Sixth Amendment to thoroughly review and assess all of the evidence available to the prosecution. "[D]ecisions that are made before a complete investigation is conducted are reasonable only if the level of investigation was also reasonable." *Duncan v. Ornoski*, 528 F.3d 1222, 1234 (9th Cir. 2008).

In addition, the review of evidence and investigation that defense counsel is obliged to undertake also requires input from the defendant. As the Supreme Court has recognized, effective defense "counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant, and on information supplied by the defendant." *Strickland*, 466 U.S. at 691.

The Speedy Trial Act always requires exclusions of time before trial to allow defense counsel the reasonable time necessary for effective preparation, due to undersigned counsel's need for additional time to review and organize extensive discovery, including various iterations of the discovery; time to investigate the case informed by unredacted discovery and information that will permit defense counsel to seek the issuance of necessary pretrial subpoenas and to pursue necessary pretrial investigation as provided for in 18 U.S.C. § 3161(h)(7)(B)(iv). The Speedy Trial Act provides for an exclusion where a failure to grant a continuance would likely result in the miscarriage of justice, as explained in 18 U.S.C. § 3161(h)(7)(B)(i). The Speedy Trial Act provides that the ends of justice will best be served by a continuance where the ends of justice outweigh the best interest of the public and the defendant in a speedy trial, as provided for in 18 U.S.C. § 3161(h)(7)(A).

B. <u>Need for Continuance Based on Discovery Delay and Dispute</u>[2]

    a. <u>Current Trajectory Precludes Defense Counsel from Complying with this Court's Pretrial Order and Preparing for Trial</u>

Under the current trial and pretrial schedule, the parties would need to complete their meet and confer process by October 27 regarding the extensive pretrial filings that would be due on November 5, 2021. Those filings include disputed factual issues, witnesses, exhibits, disputed legal issues, all motions and matters that need to be decided prior to trial, and motions in limine. *See* "Guidelines for Final Pretrial Conference in Jury Cases Before District Judge Richard Seeborg."

Given the government's refusal to provide unredacted discovery in a timely manner, it is not remotely possible for the defense to comply with the Court's guidelines for the pretrial conference, let alone be prepared to cross-examine the government's witnesses or to present its own witnesses at trial.

---

[2] As undersigned counsel was preparing to file this pleading, she received two discovery letters from government counsel. The timing is challenging as the parties had previously discussed the defense's intention to file these motions today. The defense has attempted to address the material provided today in its motions and government counsel can raise it in its response to these motions.

As described above, the defense has essentially no information about the two most critical witnesses in the case, and no information about the agents. Due to the government's refusal to provide information on other defendants charged or convicted based on the testimony of these two informants, the defense cannot conduct a reasonable investigation.

Nor can the defense even discuss the government's document production with Mr. Flores until two days before the Pretrial Conference. (The defense informed the government this it disagreed with the Protective Order but signed it for temporary purposes so she could obtain discovery without further delay; the parties agreed that after its review, the defense could argue that the materials should not be Attorney's Eyes only). This is particularly absurd given that Mr. Flores has known the government's undercover informants for many years (but by slightly different names or with some confusion as to the correct last name). The defense needs adequate and timely review of discovery including unredacted discovery, and needs to be able to discuss materials with Mr. Flores. The delayed production relating to the government's informants has resulted in delays in the defense's trial preparation and its investigation, and has compromised the defense's ability to plan and draft in limine motions.

C. Need for Continuance Based on Investigatory Delay

    a. Untimely receipt of information would make investigation in this time frame difficult even in pre-pandemic times

The deficiency in the government's discovery production and its effect on the defense preparation is further discussed in the *ex parte* and under seal declarations of attorney Shawn Halbert and investigator Scott Compton.

    b. Untimely receipt of information makes investigation in this time frame impossible during the Covid-19 pandemic

As further described in the under seal and *ex parte* Compton Declaration, the investigation he would need to do in this case has been substantially affected by Covid.

-10-

**MOTION TO VACATE OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL DATE**

**Conclusion**

The United States Constitution guarantees Mr. Flores due process of law, effective assistance of counsel, and a fair trial. In order for these guarantees to be effectuated, the government needed to have provided the information to which the defense is entitled, and it needed to have done so in a timely manner. Neither was done. After months of meeting and conferring to no end, it is now abundantly clear that there is no conceivable way that the defense can be prepared for trial in December, 2021. Mr. Flores asks this Court to vacate the current trial date and set a status date in January 2022 after Judge Spero has heard the discovery motion and the government has produced further discovery. In the alternative, Mr. Flores asks that the trial be continued to a date no earlier than April 2022.

Respectfully submitted this 26th day of October, 2021.

                                        /s/ Shawn Halbert
                                        Shawn Halbert
                                        Law Offices of Shawn Halbert
                                        *Attorney for Jonathan Flores*